Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8252 | **DATE** | 9/16/2003 |
| **CASE TITLE** | Harrell, Sr. vs. Bower Motors, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER.** GM's motion for summary judgment is granted. GM's motion to dismiss is denied as moot. Harrell's motion for leave to file an amended complaint is denied. Harrell's motion to remand is denied as moot.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 17 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 31 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES H. HARRELL, SR., )
)
     Plaintiff, )
) 02 C 8252
v. ) Judge George M. Marovich
)
BOWER MOTORS, INC; GENERAL )
MOTORS CORP.; and JOHN DOES )
1-10, )
)
     Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles H. Harrell, Sr. ("Harrell") filed an eleven-count Complaint against Bower Motors, Inc. ("Bowers"), General Motors Corp. ("GM") and John Does 1-10 on September 13, 2002 in Cook County Circuit Court. Subsequently, GM removed the case to this court based on diversity grounds (735 Ill. Comp. Stat. § 1332); filed a Motion to Dismiss; and filed a Motion for Summary Judgment. Thereafter, Harrell moved to remand the case back to state court on the grounds that there was a non-diverse defendant and then presented a motion for leave to file an amended complaint on July 16, 2003. For the reasons set forth below, the Court denies Harrell's leave to file an amended complaint and grants GM's motion for summary judgment.[1]

---

[1] Because this Court is granting GM's motion for summary judgment and denying Harrell's motion for leave to file an amended complaint, Harrell's motion to remand and GM's motion to dismiss are denied as moot.

## BACKGROUND

Unless otherwise noted, the following facts are not in dispute. In October 1994, Harrell was given an opportunity to invest, via the GM Minority Dealer Development Program, with a Division of GM in the purchase of a Dealership called Buick of Countryside (the "Dealership"). The investment agreement Harrell entered with GM contained both written and verbal terms. This investment agreement set forth that Harrell agreed to invest $500,000 as an initial investment of capital towards the purchase. However, Harrell alleges that during the investment negotiations, he was precluded from participating in the due diligence process of the Dealership and therefore, Harrell was "led to purchase a non-Project 2000 dealership".[2] On October 5, 1994, Motors Holding Division (a division of GM) and Bower executed an Asset Purchase Agreement, where Motors Holding Division agreed to purchase Bower's assets and assume Bower's responsibilities. On October 27, 1994, January 26, 1995 and October 4, 1996, Mr. Harrell, GM and the Dealership entered into and executed Stockholders Agreements for the stock in the Dealership. Additionally, Harrell became dealer operator of the Dealership.

Shortly after deciding to invest in and operate the Dealership in 1994, Harrell asserts that the retail sales of the

---

[2] Harrell defines Project 2000 as: "GM's strategy to obtain a strong dealer body by the year 2000. GM's blueprint for success that mandates that all GM dealerships have the proper combination of GM franchises." (Complaint, ¶ 15).

2

Dealership reached a new low in 1994. As a result, Harrell began complaining to GM about the Dealership's purported financial and other problems. For example, on December 9, 1994, Harrell wrote to GM, stating: "[A]t this point we are maxed out on expenses for being in business only a month. We continue to uncover large expenditures that were not clearly explained at the time of the buy sell." Similar statements were sent to GM in later years until Harrell filed this Complaint in September, 2002.

## DISCUSSION

### I. Standard for Motion for Summary Judgment

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When making such a determination, the court must construe the evidence and make all reasonable inferences in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Summary judgment is appropriate, however, when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); See also Courtney v. Biosound, 42 F.3d 414, 418 (7th Cir. 1994).

II. <u>GM's Motion for Summary Judgment</u>

GM asserts that the Complaint was brought approximately eight years after Harrell knew or should have known of his alleged claims and injuries. Further, the following Counts of Harrell's Complaint are governed by a five-year statute of limitations (735 Ill. Comp. Stat. 5/13-205): breach of a written/oral contract (Count I)[3]; negligence (Count II); fraudulent misrepresentation (Count III); negligent misrepresentation (Count IV); fraudulent nondisclosure (Count V); conspiracy (Count VIII), unjust enrichment (Count IX), conversion (Count X); and breach of fiduciary duty (Count XI). Moreover, malice/defamation (Count VI) has a one-year statute of limitations (735 Ill. Comp. Stat. 5/13-201) and securities fraud (Count VII) has a three-year statute of limitations (815 Ill. Comp. Stat. 5/13(D)). Harrell does not challenge the fact that the Complaint was brought approximately eight years after Harrell expressed to GM that he had been wronged. Instead, Harrell claims that the statutes of limitations on each of these claims should be equitably tolled. Specifically, Harrell alleges that

---

[3] In addition, Harrell's Complaint refers to the investment agreement between Harrell and GM as containing both written and oral terms. In Harrell's later pleadings, he appears to concede that this claim is time-barred and as a result, Harrell refers to an entirely new agreement which was allegedly breached, namely a written Stockholders Agreement, which is governed by a ten-year statute of limitations (735 Ill. Comp. Stat. 5/13-206). However, for the reasons discussed supra in Section III, this claim is meritless as well.

the Court should apply the continuing-tort theory to his claims. Under Illinois law, a cause of action accrues "when a person knows or reasonably should know that it was wrongfully caused." Knox College v. Celotex Corp., 88 Ill.2d 407, 415 (1981). Moreover, "the delay in the commencement of the limitations period for continuing torts does not apply to contractual torts." Federal Signal Corp. v. Thorn Automated Systems, Inc., 693 N.E.2d 418, 421 (1st Dist. 1998). Here, because all the torts alleged arise out of underlying contractual relationships, the limitations begin to run on the date of the alleged breach. See Hermitage Corp. v. Contractors Adjustment Co, 651 N.E.2d 1132, 1135 (Ill. 1995). As has been shown, Harrell knew of the wrong caused by GM resulting from their contractual negotiations in 1994 as is evident in a letter that he wrote to GM stating his grievance. Therefore, the statute of limitations are not tolled and as such, each claim is barred by the previously stated applicable statute of limitations.

Therefore, because all of Harrell's claims are time-barred, GM's Motion for Summary Judgment is granted.

III. <u>Harrell's Motion for Leave to File an Amended Complaint</u>

In his amended complaint, Harrell re-alleges Counts II through X of his original complaint, which as previously explained, are time-barred. In addition, Harrell also seeks to add a new Count I and Count XI, as well as, four new parties

5

substituting for John Does 1-4. The first new count, Count I, is for breach of contract under the Stockholders agreement and/or Asset Purchase Agreement and the second new count, Count XI, is a breach of an oral contract claim.

Any time after a responsive pleading has been served, a party must seek leave from the court or written consent of the adverse party to amend a pleading. Amendola v. Bayer, 907 F.2d 760, 764 (7th Cir. 1990)(citing Fed. R. Civ. 15(a)). Although leave to amend is to be given freely where justice so requires, it may be denied for apparent or declared reasons, such as "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001).

Harrell sought leave to amend approximately eight months after GM filed its Motion to Dismiss and Motion for Summary Judgment, apparently in response to GM's dispositive motions. If the leave to amend is granted, this will only result in another round of dispositive motions and briefing, which will not only prejudice the defendant but also preclude the Court from adjudicating the case in a timely and efficient manner.

Moreover, Count I for breach of the Stockholders's Agreement and Count XI for breach of an oral contract are also time-barred and thus, the amendment is futile. Count XI for breach of an

oral contract is barred by a five year statute of limitations
(735 Ill. Comp. Stat. 5/13-205).

In Count I, Harrell alleges a breach of Section VI of
Stockholders Agreement and a breach of the Asset Purchase
Agreement. Clause VII[4] of the Stockholder's Agreement states
"[t]he operator represents that the Operator has had an
opportunity to review with counsel of the Operator's own choice
this Agreement and all other documents executed or to be executed
in connection with the formation and financing of the Dealer
Company." Despite this express language, Harrell claims that he
was not afforded access to accurate information regarding the
financial condition of the Dealership. Nonetheless, Harrell did
voluntarily sign the 1994 Stockholders Agreement despite his
later allegation that he did so "under duress". In addition, the
record demonstrates that Harrell subsequently entered into and
executed two additional Stockholders Agreements, containing the
identical clause confirming that he was provided with adequate
information and could protect his own interests. Therefore,
Harrell essentially waived his right to later contest this clause
under a breach of contract theory and as such, is barred from

---

[4] The language quoted in Harrell's pleading does not appear
in Section VI of the 1994, 1995 or 1996 Stockholders Agreements.
The Court can only assume that Harrell meant to refer to Section
VII of the Stockholders Agreement as opposed to Section VI.

asserting this Claim over eight years later in response to a Motion to Dismiss and a Motion for Summary Judgment.

Furthermore, Harrell contends that he has a viable breach of action claim based upon an alleged breach of the Asset Purchase Agreement between Motors Holding Company (a division of GM) and Bowers. This would be true if Harrell could prove that he is a third-party beneficiary to this contract. "The rule is settled in this State that, if a contract be entered into for a direct benefit of a third person not a party thereto, such third may sue for breach thereof. The test is whether the benefit is direct to him or is but an incidental benefit to him arising from the contract. If direct, he may sue on the contract; if incidental he has no right of recovery thereon." Carson Pirie Scott & Co. v. Parrett, 178 N.E. 498, 501 (Ill. 1931). In Illinois, in order for a party to properly fall withing the category of a third-party beneficiary: "the promisor's intention must be evidenced by an express provision in the contract identifying the third-party beneficiary". McCoy v. Illinois Intern. Port Dist., 778 N.E.2d 705, 712 (1st Dist. 2002). "There is a strong presumption that the parties to a contract intend the provisions of that contract to apply only to them and not to third parties." Id. In this case, there is no express provision in the contract identifying Harrell as a third-party beneficiary. Therefore, it is not proper to allow Harrell to sustain a breach of contract claim

based upon the Asset Purchase Agreement under the theory that he is a third-party beneficiary. As a result, the ten-year statute of limitations for a written contract is inapplicable; and as such, the claim is barred by the five-year statute of limitations for oral contracts.

## CONCLUSION

For the reasons set forth above, the Court denies Harrell's Motion for Leave to File an Amended Complaint and grants Defendant GM's Motion for Summary Judgment.

ENTER:

_____
George M. Marovich
United States District Judge

DATED: Sept 16, 2003