# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8252 | **DATE** | 7/28/2004 |
| **CASE TITLE** | Harrell vs. Bower Motors, Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Motion #38 is granted. Harrell's claims against the Does are dismissed and his motion to amend his complaint is denied. The actions against Bower and the Does are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 30 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | JUL 30 2004 | |
| JD | courtroom deputy's initials | 2004 JUL 29 PM 5:08 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES H. HARRELL, SR., )
)
    Plaintiff, )
) Case No. 02 C 8252
v. )
) Judge George M. Marovich
BOWER MOTORS, INC., GENERAL MOTORS )
CORP., JOHN DOES 1-10, )
)
    Defendants. )

DOCKETED
JUL 3 0 2004

## MEMORANDUM OPINION AND ORDER

On September 13, 2002, Plaintiff Charles H. Harrell Sr. ("Harrell") filed an eleven-count Complaint in Cook County Circuit Court against Defendants General Motors Corp. ("GM"), Bower Motors Inc. ("Bower") and John Does 1-10 (the "Does"). In response, GM removed the case to this Court on November 13, 2002, on the grounds of diversity jurisdiction. Harrell then filed a Motion to Remand and requested leave to amend his Complaint. GM simultaneously filed a Motion for Summary Judgment. In this Court's Order of September 16, 2003, GM's Motion for Summary Judgment was granted and Harrell's Motion to Amend his Complaint and Motion to Remand were denied. Presently before the Court is Harrell's Motion for Clarification requesting a final determination regarding Defendants Bower and the Does.

## BACKGROUND

Harrell is a citizen of Illinois. GM is a Delaware corporation with its principle place of business in Michigan and Bower is an Illinois corporation. At the time GM removed this case to the District Court, Harrell had not served Bower or the Does. On

February 5, 2003, this Court granted a ninety-day enlargement of time to serve Bower, but no enlargement was requested or granted for the Does. Harrell attempted to serve Alan Jacobs ("Jacobs"), Bower's registered agent, at his residence on several occasions. Apparently, Jacobs was aware that Harrell was attempting to serve him because both parties' attorneys were in communication on several occasions. However, Jacobs would not come down from his home to accept service. After unsuccessful attempts to serve Jacobs, on May 6, 2003, service was made upon Jacobs's doorman, Miguel Torris. Bower then executed return of service, however, it has not further participated in this action in any manner. On September 16, 2003, this Court entered summary judgment in favor of GM, dismissing it from the case. Harrell subsequently filed an appeal to the United States Court of Appeals for the Seventh Circuit, which requires a final determination regarding Bower and the Does. Presently before the Court is Harrell's Motion for Clarification regarding the status of Bower and the Does.

## DISCUSSION

Harrell contends that he properly served Bower, a non-diverse defendant, and that he can show a reasonable possibility of recovery against Bower. This Court finds that the service performed on May 6, 2003, was within the ninety-day extension granted on February 5, 2003. Furthermore, this Court and others have held that service upon a doorman is valid when the intended recipient is intentionally unavailable to accept service. Hartford Fire Insurance Co. v. Perinovic, 152 F.R.D. 128, 130 (N.D. Ill. 1993); Three Crown Ltd. Partnership v. Caxton Corp., 817 F. Supp. 1033, 1051 (S.D.N.Y. 1993); Schoemann v. Natural Energy Corp., 99-3129, 2000 U.D. Dist. LEXIS 3361, at *10 (E.D. La. March 9, 2000). It is uncontested that Jacobs was aware of the action

2

against Bower and made himself unavailable for service. Therefore, service upon Miguel Torriss, the doorman of Jacobs (Bower's registered agent), was sufficient.

However, although Bower was properly served, it was a fraudulently joined defendant because Harrell failed to show a reasonable possibility of recovery against Bowers. Schwartz v. State Farm Mutual Auto. Ins. Co., 174 F.3d 875, 877 (7th Cir. 1999). The Seventh Circuit has determined that a non-diverse party is fraudulently joined when a valid state claim cannot be asserted against the defendant. Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992) (allowing removal upon finding that plaintiff failed to state a claim against a non-diverse defendant); Leblang Motors, Ltd. v. Subaru of America, Inc., 148 F.3d 680, 692 (7th Cir. 1998) (holding that two individual defendants were fraudulently joined because the alleged claims of fraud were time barred). As this Court previously determined that Harrell's claims are all time-barred and denied his Motion to Amend his Complaint as futile, he has no valid state claim against Bower. Accordingly, Bower was fraudulently joined as a non-diverse defendant and this Court now dismisses the action against Bower.

The claims against the Does are also flawed. "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." Federal Rules of Civil Procedure 4(m). "John Doe defendants must be identified and served within 120 days of the commencement of the action against them." Aviles v. Village of Bedford Park, 160 F.R.D. 565, 567 (N.D. Ill. 1995). Harrell filed his Complaint on September 13, 2002, however, he failed to identify or serve any of the Does until he moved to amend his

Complaint on June 30, 2003, well beyond the allowable 120 days[1]. Although this Court in Aviles recognized its authority to dismiss the matter against the unknown defendants, it chose to grant an enlargement of time to identify and serve the John Does. Id. at 568. In support of its decision the Court explained that the discovery undertaken by the plaintiff remained outstanding at the time that other defendants filed a motion to dismiss. Id. In contrast, Harrell states that he learned the identities of some of the Does by examining the exhibits attached to GM's motions. GM's latest motion was filed on November 30, 2002, and yet Harrell did not file his Motion to Amend until June 30, 2003. Based on this unexplained delay, this Court dismisses the action against the Does.

Furthermore, even if Harrell's Amended Complaint was accepted as timely, dismissal would still be proper as any effort to amend would be futile. Harrell correctly cites the Seventh Circuit's determination that a plaintiff may amend his complaint in accordance with the Federal Rules of Civil Procedure 15(a) and without leave of the court any time before a responsive pleading. Fuhrer v. Fuhrer, 292 F.2d 140, 142 (7th Cir. 1961). However, the court may deny the amendment if it will not survive a motion to dismiss. Perkins v. Silverstein, 939 F.2d 463, 472 (7th Cir. 1991). In this case, it was previously determined that the counts in the Amended Complaint are insufficient because the breach of contract claims are time barred; Harrell waived his right to contest the Stockholder's Agreement; and he is not a third party beneficiary to the Asset Purchase Agreement between GM and Bower. Although Harrell's Motion for Clarification states that the individual claim for breach of contract against GM employee Lee McDaniels is

---

[1] This Court's original Order of September 16, 2003, stated that Harrell's Motion to Amend his Complaint was filed on July 16, 2003. Harrell's Motion to Amend his Complaint was actually filed on June 30, 2003.

within the statute of limitations for oral contracts, the actual Amended Complaint stated that these promises were made on May 1, 1997, and thus not within five years of filing his original Complaint on September 13, 2002. 735 Ill. Comp. Stat. 5/13-205. Accordingly, Harrell's claims against the Does are dismissed and his motion to amend his complaint is denied.

## CONCLUSION

For the reasons set forth above, the actions against Bower and the Does are dismissed.

ENTER:

George M. Marovich
United States District Judge

DATED: July 28, 2004